712 So.2d 252 (1998)
Arthur Robert MATA, III
v.
Pamela Sue Morel MATA.
No. 97-CA-1214.
Court of Appeal of Louisiana, Fifth Circuit.
April 28, 1998.
Raymond C. Burkart, Jr., Louis R. Koerner, Jr., New Orleans, for Plaintiff-Appellant.
Terri M. Miles, Metairie, Danyelle Taylor, New Orleans, for Defendant-Appellee.
Before DUFRESNE, WICKER and GOTHARD, JJ.
DUFRESNE, Judge.
Arthur Mata challenges the trial court judgment which granted various peremptory exceptions filed by Pamela Sue Morel Mata in opposition to Arthur Mata's rule for child support. For the reasons set forth herein, *253 we affirm the judgment of the trial court and dismiss the rule for child support filed by Arthur Mata.
Arthur Mata, plaintiff/appellant, and Pamela Sue Morel Mata, defendant/appellee, were married on March 21, 1970. One child, Ira Mata, was born of this marriage on February 4, 1972. In June of 1978, Mr. Mata left the matrimonial domicile, however, he did not file a petition for divorce until November 15, 1990. By judgment signed November 26, 1990, the trial court granted the parties a divorce.
Upon learning of Arthur Mata's retirement from the New Orleans Police Department, Pamela Mata, on February 16, 1995, filed a petition to partition community property specifically seeking to be recognized as owner of a portion of his retirement plan with the Municipal Police Employees Retirement System. She also sought a temporary restraining order to prevent the alienation or distribution of the retirement plan, which was granted by the trial judge. Mr. Mata answered the petition by alleging that his former wife had waived all rights to these pension benefits in exchange for receiving his monthly state supplemental pay as well as lawsuit proceeds amounting to $6,014.00. Arthur Mata also moved for the dissolution of the temporary restraining order, alleging that as his only source of income was the pension from the Municipal Police Employees Retirement System, he was unable to pay his bills or support his minor children.
As a result of a status conference, the trial judge, on June 15, 1995, annulled and set aside the temporary restraining order. The court also ordered that the Municipal Police Employees Retirement System distribute thirty-six percent (36%) of the retirement benefits to Pamela Mata, pending a trial on the partition.[1]
Subsequently on March 31, 1997, Arthur Mata filed a rule for child support seeking to have Pamela Mata pay child support for Robert Michael Mata born May 9, 1986, and Jared Ryan Mata born December 7, 1989, two children which Mr. Mata fathered with another woman during the marriage between himself and Pamela Mata. In response to this rule for child support, Pamela Mata filed peremptory exceptions of no cause of action, no right of action, res judicata and non-joinder of indispensable party. She claimed that since she was not the children's biological mother and that since they were not born "of" the marriage, she was not responsible for their support. Following the September 25, 1997 hearing, the court specifically granted Pamela Mata's exception of no cause of action, stating that "these children were never adopted by Mrs. Mata, therefore she has no legal obligation." Subsequently, on September 29, 1997, the trial judge issued a written judgment granting the various exceptions filed by Pamela Mata. It is from the granting of these exceptions that Arthur Mata now appeals. For the reasons set forth herein, we affirm the judgment of the trial court.
Although Arthur Mata raises various issues in his brief, we focus our inquiry on the trial court's granting of the exception of no cause of action.
Mr. Mata contends that the trial judge erred in granting the exception of no cause of action. He specifically argues that as legitimate children "born during the marriage" under circumstances in which there was no action filed by the first wife to disavow them and no divorce proceeding filed to terminate the marriage, Robert and Jared Mata are entitled to child support from both their father and his first wife.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial on the exception is whether, on the face of the petition, the plaintiff is legally *254 entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5 Cir. 6/28/94), 639 So.2d 843.
We find that the petition fails to state a cause of action against Pamela Mata. The petition fails to state that the children were born of the marriage, nor does it assert that Pamela Mata is the biological mother of these two children.
Accordingly, the trial court judgment granting the Pamela Mata's exception of no cause of action is affirmed and the rule for child support filed by Arthur Mata is dismissed. LSA-C.C.P. art. 934.
In light of this determination, we find it unnecessary to address the other issues raised by Mr. Mata. However, as a general response to his arguments, we feel compelled to state that there is no authority in statutory law, jurisprudence, or common sense, which makes a nonbiological mother responsible for the support of two children fathered by her husband with another woman. LSA-C.C. art. 227 provides that "[f]athers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children." This obligation stems not from marriage, but from the paternity or maternity of the parents involved. Pierce v. Pierce, 397 So.2d 62 (La.App. 2 Cir.1981).
It is the fact of biological paternity or maternity which obliges parents to nourish their children. Smith v. Cole, 553 So.2d 847 (La.1989). In the present case, the two minor children at issue have, in fact, been supported and maintained by their biological mother and father who have since married.
Based on the foregoing discussion, the judgment granting the exception of no cause of action is affirmed and the rule for child support filed by Arthur Mata is dismissed. Appellant is to bear all costs of this appeal.
AFFIRMED IN PART, DISMISSED IN PART.
NOTES
[1] According to our record, the trial on the partition of the community property was scheduled to take place on February 17, 1998.