951 So.2d 370 (2007)
Rusty ALLEN
v.
VALERO ENERGY CORPORATION.
No. 06-CA-726.
Court of Appeal of Louisiana, Fifth Circuit.
January 9, 2007.
James E. Uschold, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
*371 Charles H. Hollis, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Plaintiff, Rusty Allen, appeals from a judgment denying his exceptions of prematurity and lack of subject matter jurisdiction filed in response to a reconventional demand filed by the Defendant, Valero Energy Corporation, in the Plaintiff's wrongful termination suit. We dismiss the appeal, reserving to the Plaintiff his right to file an application for supervisory writs within 30 days from this opinion.
The Plaintiff, fired from his job with the Defendant for testing positive for illegal drug use, filed a petition for damages in January 2006, alleging that the Defendant terminated him based on the wrongful use of an illegal hair test. The Plaintiff alleges that the Defendant failed to comply with the testing requirements for employers to follow in testing employees, as set out in La.R.S. 49:1005 B.
In response, the Defendant filed an answer and reconventional demand for breach of contract. The Plaintiff then filed a dilatory exception of prematurity and a declinatory exception of lack of subject matter jurisdiction to the reconventional demand. The Plaintiff asserts that the Defendant's complaints must be resolved through arbitration based on a reinstatement agreement signed by the parties. In July 2006, the trial judge denied the exceptions. The Plaintiff filed a motion for new trial, which was also denied. He subsequently appealed.
After our first review of the case, we concluded that the denial of the motion to stay is an interlocutory, non-appealable judgment, and issued an order to show cause why the appeal should not be dismissed. The Plaintiff responded that the appeal should be maintained. He contends that the parties agreed to arbitrate under the federal arbitration law, which allows an appeal from the denial of a stay order. See: 9 U.S.C. § 16(a). The Plaintiff asserts that to deny the right would frustrate the purposes and objectives of the Federal Arbitration Act.
We first note that the record does not contain any evidence that the parties agreed to have the federal arbitration law govern. The Plaintiff attaches a document purporting to support that contention to his brief. However, this Court cannot consider any evidence not properly introduced into the trial court record.
Second, we agree that the federal law on arbitration preempts state law in some instances, and provides guidance for resolving arbitration issues. Aguillard v. Auction Management Corp., 04-2804, p. 8 (La.6/29/05), 908 So.2d 1, 8.[1] Nevertheless, the right to appeal a decision of the state court is not one of those instances. The right to appeal is a jurisdictional issue controlled by the laws of Louisiana.
In the past, Louisiana courts have found that the denial of an exception of prematurity based on an agreement to arbitrate is a non-appealable, interlocutory judgment, but because of the potential for irreparable injury allowed an appeal to be taken pursuant to La.C.C.P. art.2083. See: Warren v. Southern Energy Homes, Inc., 00-1236 (La.App. 3rd Cir.10/4/00) 771 *372 So.2d 214 and Rauscher Pierce Refsnes, Inc. v. Flatt, 93-1672 (La.App. 4th Cir.2/11/94); 632 So.2d 807. However, La. C.C.P. art.2083 was amended by the legislature effective January 1, 2006. The statute now provides that an interlocutory judgment is appealable only when expressly provided for by law. Id. The legislature in amending the article, deleted the provision allowing an appeal of an interlocutory judgment that might cause irreparable injury. Under the amended statute, this judgment is no longer appealable, as there is no express law permitting the Plaintiff to appeal an interlocutory judgment denying an exception of prematurity where an arbitration agreement is alleged. Furthermore, there is no express law allowing the appeal from an interlocutory judgment denying an exception of lack of subject matter jurisdiction that is based on the alleged prematurity.[2] Therefore, the appeal must be dismissed. However, because we can review the judgment under our supervisory jurisdiction, we will grant the Plaintiff adequate time to file his application for supervisory writs.
Accordingly, the appeal is dismissed. The Plaintiff has 30 days from the date this opinion is rendered to file an application for supervisory writs.
APPEAL DISMISSED.
NOTES
[1] We note in both Aguillard and International River Center v. Johns-Manville Sales Corp., 02-3060 (La.12/3/03), 861 So.2d 139, 143, the Court discussed the issue of whether the court or arbitrator decides the waiver issue.
[2] See: Ganier v. Inglewood Homes, Inc., 06-0642, p. 1 (La.App. 4th Cir.11/8/06), 944 So.2d 753 involving an exception of prematurity based on an alleged arbitration agreement.