# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 13-83


**RHYN L. DUPLECHAIN, ASSESSOR FOR ST. LANDRY PARISH**

**VERSUS**

**PBGS, L.L.C., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-C-5081-A
HONORABLE JAMES P. DOHERTY  JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and John E. Conery, Judges.


**AFFIRMED AND REMANDED.**


**Brian A. Eddington**
**Attorney at Law**
**8941 Jefferson Hwy, Suite 200**
**Baton Rouge, LA 70809**
**(225) 924-4066**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
　　**Rhyn L. Duplechain, Assessor**

**Cheryl M. Kornick**
**James C. Exnicios**
**Elisabeth L. Baer**
**LISKOW & LEWIS, APLC**
**701 Poydras Street, Suite 5000**
**New Orleans, LA 70139-5099**
**(504) 581-7979**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **PBGS, L.L.C. and**
    **Port Barre Investments, LLC, c/o Spectra Energy Corp.**

**Lawrence P. Simon, Jr.**
**LISKOW & LEWIS, APLC**
**P. O. Box 52008**
**Lafayette, LA 70505-2008**
**(337) 232-7424**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **PBGS, L.L.C. and**
    **Port Barre Investments, LLC, c/o Spectra Energy Corp.**

**Robert Dean Hoffman, Jr.**
**Attorney at Law**
**7039 Hwy 190 E. Service Rd #A**
**Covington, LA 70433-4961**
**(985) 727-3893**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Tax Commission**

**PICKETT, Judge.**

Tax assessor appeals the trial court's grant of a taxpayer's exception of lack of subject matter jurisdiction. For the following reasons, we affirm.

## FACTS

PBGS, L.L.C. c/o Spectra (PBGS)[1] is the owner of an underground natural gas storage facility situated in St. Landry Parish. For the 2011 tax year, St. Landry Parish Tax Assessor Rhyn L. Duplechain (the Assessor) classified the storage facility as "other property" and assessed it at 15% of fair market value. *See* La.Const. art. 18, § (B)(5). PBGS filed an administrative appeal with the Louisiana Tax Commission (LTC), asserting that the Assessor improperly classified the storage facility as "other property" and that it should have been classified as "land" which is assessed at 10% of fair market value. *Id.*

The Assessor filed an exception of lack of subject matter jurisdiction, asserting that PBGS's appeal "presents a question of constitutional interpretation that is subject to the exclusive jurisdiction of the judicial branch" because it contests the classification of property under La.Const. art. 7, § 18. The LTC denied the exception, and the Assessor filed suit, asserting that the trial court, not the LTC, has jurisdiction to address PBGS's complaints. The Assessor filed a motion to stay the proceedings before the LTC which the LTC opposed. After a hearing, the trial court denied the request. PBGS filed an exception of lack of subject matter jurisdiction which the trial court granted after a hearing. The Assessor appealed the trial court's judgment granting the exception of lack of subject matter jurisdiction.

---

[1]We reference PBGS herein as the parties reference it in the record. In their submission information contained on their trial court and appellate briefs, PBGS's counsel, however, reference counsel as representing "PBGS, L.L.C. and Port Barre Investments, LLC, c/o Spectra Energy Corp."

**ISSUE PRESENTED FOR REVIEW**

The sole issue presented for review is whether the trial court has jurisdiction to review the LTC's denial of the Assessor's exception of lack of subject matter jurisdiction.

**DISCUSSION**

The Assessor contends that pursuant to La.R.S. 47:1989(D), read *in pari materia* with La.R.S. 47:1998, his appeal was properly presented to the trial court. Section 1989(D)(1) provides: "All decisions by the tax commission are final unless appealed to the district court within thirty days."

The LTC hears appeals filed by taxpayers and assessors concerning "assessment lists as certified by the local board of review" when those parties are "dissatisfied with the determination of the local board of review." La.R.S. 47:1989(A)-(B), respectively. Section 1998(A)(1)(a) (emphasis added) provides:

> Any taxpayer . . . dissatisfied with the *final determination* of the Louisiana Tax Commission *under the provisions of R.S. 47:1989* shall have the right to institute suit within thirty days of the entry of *any final decision* of the Louisiana Tax Commission . . . in the district court *contesting the correctness of assessment*.

Reading Sections 1989 and 1998 *in pari materia*, we conclude that the term "decisions" in Subsection 1989(D) refers to "final determination" or "final decision" by the LTC regarding an "assessment" and that the LTC's denial of the Assessor's exception of lack of subject matter jurisdiction was not a "final decision" regarding "the correctness of assessment" as contemplated by La.R.S. 47:1989(D) and La.R.S. 47:1998. Accordingly, we find the Assessor's argument lacks merit.

Moreover, a declinatory exception of subject matter jurisdiction does not determine the merits of the litigant's claims and, therefore, is an interlocutory

2

exception that is not a final appealable judgment unless specifically provided for by law. La.Code Civ.P. arts. 1841, 2083(C). *See also Allen v. Valero Energy Corp.*, 06-726 (La.App. 5 Cir. 1/9/07), 951 So.2d 370; *Johnson v. Shelton Trucking Serv., Inc.*, 597 So.2d 499 (La.App. 1 Cir.), *rev'd on other grounds*, 599 So.2d 1089 (La.1992). The Assessor has not cited any statute that specifically provides for an appeal from an interlocutory judgment of the LTC denying an exception of subject matter jurisdiction, and this court's research has not revealed such a statute.

## DISPOSITION

For these reasons, the judgment of the trial court granting the exception of lack of subject matter filed by BCGS, L.L.C., c/o Spectra is affirmed, and this matter is remanded to the Louisiana Tax Commission for further proceedings.

**AFFIRMED AND REMANDED.**