STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY SERVICES IN THE INTEREST OF VICTOR LANNELONGUE-NAVARRO

VERSUS

PHILIPPE GILBERT ANTOINE LANNELONGUE

NO. 22-CA-220

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 2019-NS-491, DIVISION "B"
HONORABLE AMANDA L. CALOGERO, JUDGE PRESIDING

February 01, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED**
 **MEJ**
 **SJW**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler
 Darren A. Allemand
 Lekita G. Robertson
 Timothy P. O'Rourke
 Reese M. Woessner

COUNSEL FOR DEFENDANT/APPELLANT,
PHILIPPE GILBERT ANTOINE LANNELONGUE
 Laurel A. Salley
 Michael J. DuBose

COUNSEL FOR DEFENDANT/APPELLEE,
ESTER NAVARRO
 Joseph L. McReynolds
 Frederic T. Le Clercq

**JOHNSON, J.**

Appellant, Phillippe Lannelongue, seeks review of the Jefferson Parish Juvenile Court's March 10, 2022 judgment awarding permanent child support payments to his ex-wife Esther Navarro-Muñoz on behalf of their son Victor[1]. For the following reasons, we affirm the juvenile court's judgment.

### *FACTS AND PROCEDURAL HISTORY*

Victor Lannelongue-Navarro was born in Spain on September 11, 2004. Victor's parents, Ms. Esther Navarro-Muñoz and Phillippe Gilbert Antoine Lannelongue married on January 2004 in Nevada but had physically separated by the time of Victor's birth.

In September 2016, Ms. Navarro-Muñoz, represented by a Spanish *pro bono* attorney, filed a custody and support proceeding against Mr. Lannelongue in Spain. Ms. Navarro-Muñoz is a resident and domiciliary of Málaga, Spain. On July 20, 2017, the Court of First Instance and Preliminary Jurisdiction Number 1 of Torrox issued a judgment (hereinafter referred to as the "Spanish Order"), which awarded custody of the then minor child, Victor, and ordered child support to be paid by Mr. Lannelongue in the amount of 1,000 euros per month. The Spanish Order was made final on February 23, 2018, as no appeal had been filed within the time period allowed by law.

In April 2019, Ms. Navarro-Muñoz began the process of registering the Spanish Order in the State of Louisiana, Mr. Lannelongue's state of residence and domicile. The Jefferson Parish District Attorney's Office filed a Petition to Register the Child Support Order of Another State for Enforcement on April 16, 2019. On May 17, 2019, Mr. Lannelongue filed his Notice of Objection to Registration of Foreign Order, contesting the registration of the Spanish Order on

---

[1] Victor, who has reached the age of majority since the lodging of this appeal, was twelve years old when his mother began the process to obtain a child support order in Spain.

several grounds. Mr. Lannelongue argued that he first learned of the Spanish Order in October 2018, when contacted by Orleans Parish's Department of Children and Family Services, and he is not fluent in Spanish. Further, he questioned the child's paternity and argued that he was denied due process. Mr. Lannelongue contended that he did not receive notice and was not given an opportunity to be heard; and, he was not served with a petition or notice of the proceedings. He claimed the Spanish Order was obtained by fraud, and Ms. Navarro-Muñoz and her family had his contact information. He also alleged that counsel for Ms. Navarro-Muñoz contacted him earlier threatening legal action if he did not contact her to resolve the legal situation regarding the minor child.

The parties' first appearance in Jefferson Parish Juvenile Court was on July 26, 2019. The hearing on the matter of registration of the support order was held on the same day, and Ms. Navarro-Munoz elected to institute a child support obligation based on the Louisiana guidelines outlined in La. R.S. 9:315, *et seq.* In response, the State of Louisiana, through the Department of Children and Family Services ("DCFS"), requested that the parties undergo genetic testing and filed a Rule for Child Support on August 2, 2019, in case the hearing officer denied Ms. Navarro-Muñoz's petition to register the Spanish Order.

At the next hearing on the Petition to Register the Foreign Order and Rule for Child Support held on August 27, 2019, the hearing officer acknowledged that DNA testing confirmed that Mr. Lannelongue was Victor's father, found that Mr. Lannelongue was legally obligated to support his minor child, and recommended that a temporary support order be issued in the amount of $500.00 per month plus 5% court costs, starting September 2019. The hearing officer also ordered an income assignment, and that the support would be retroactive to August 2, 2019, once a permanent order was established.

On October 29, 2019, the hearing officer ruled that the Spanish Order could not be "registered for enforcement" in Louisiana because Mr. Lannelongue never was served with the petition in accordance with "minimum standards of due process and was not given the opportunity to be heard in Spain". On November 7, 2019, the foregoing recommendations were made an interim judgment of the juvenile court, pending the disagreement hearing.

On July 7, 2020, Mr. Lannelongue filed a Declinatory Exception of Lack of Subject Matter Jurisdiction (hereinafter referred to as "the exception"). Mr. Lannelongue's basis for the exception was that the State did not comply with the provisions of La. Ch. Code art. 1302.4(A), which addressed simultaneous proceedings, in pursuing its Rule for Child Support. He argued that a Louisiana court could not exercise jurisdiction in this matter because 1) the State's [Rule] for Child Support was filed after the period allowed for him to challenge Spain's jurisdiction over the matter; 2) he could not challenge Spain's jurisdiction because he had no knowledge of the child support proceedings that took place there; and 3) Louisiana was not the minor child's home state.

Mr. Lannelongue's exception was heard by the hearing officer on July 14, 2020. The hearing officer recommended denial of the declinatory objection, and the juvenile court heard the matter at the disagreement hearing on September 21, 2020. According to the minute entry from that date, the juvenile court denied the disagreement and upheld the hearing officer's recommendation to exercise subject matter jurisdiction via Louisiana child support order proceedings, Ms. Navarro-Muñoz agreed not to seek to enforce the Spanish Order, and Mr. Lannelongue agreed to be subject to the enforcement of the Louisiana support order. Also, pursuant to the State's Rule for Child Support, the juvenile court issued a temporary child support order requiring Mr. Lannelongue to pay $1,127.70 per

month, retroactive to August 2, 2020. Mr. Lannelongue appealed the juvenile court's judgment finding that it had subject matter jurisdiction in 2021.

This Court dismissed the first appeal taken in this matter, 21-CA-53, on April 14, 2021. In the order dismissing the appeal, we observed that Mr. Lannelongue sought review of a

> ruling on subject matter jurisdiction [which] does not determine the merits of the litigant's claims; it is an interlocutory ruling that is not a final appealable judgment unless specifically provided for by law. *Duplechain v. PBGS, L.L.C.*, 13-83 (La. App. 3 Cir. 6/5/13), 114 So.3d 698, 700 (citing *Allen v. Valero Energy Corp.*, 06-726 (La. App. 5 Cir. 1/9/07), 951 So.2d 370, and La. C.C.P. arts. 1841, 2083 (C)). Additionally, as explained above, the proposed judgment attached to appellant's response only addresses a non-appealable issue, and would not satisfy La. C.C.P. art. 1911, which requires a written final judgment[2] signed by the judge prior to taking an appeal. As such, this Court lacks appellate jurisdiction.

Mr. Lannelongue noticed his intent to seek review of the juvenile court's ruling denying his exception of subject matter jurisdiction but did not do so. Instead, he filed a Motion for Final Determination of Child Support on November 10, 2021. The hearing officer ruled that the July 14, 2020 ruling was a final judgment on November 19, 2021. After a disagreement hearing, on January 10, 2022, the juvenile court rendered a final judgment relative to child support on March 10, 2022, per the hearing officer's prior recommendations. Mr. Lannelongue timely appeals that judgment.

## ASSIGNMENTS OF ERROR

Mr. Lannelongue, who notes that he has paid to Ms. Navarro-Muñoz all amounts ordered by the juvenile court during the pendency of these proceedings, assigns as error the juvenile court's exercise of subject matter jurisdiction to

---

[2] This Court's March 18, 2021 order to show cause why appeal 21-CA-53 should not be dismissed stated: Furthermore, the September 21, 2020 Minute Entry – Judgment signed by the juvenile court judge indicates that the attorney for the recipient was to submit an additional written judgment. A written and signed document does not constitute a final judgment if that document indicates that, in the future, another judgment is to be submitted and signed. *See Jacobsen* v. *Asbestos Corp. Ltd.,* 12-655 (La. App. 5 Cir. 5/30/13), 119 So.3d 770. Finally, the Minute Entry - Judgment lacks the proper decretal language discussed above.

institute a child support order under the current circumstances: where the State seeks to establish an order of support in Louisiana, despite the existence of a judgment of support having already been rendered in another jurisdiction, Spain, whose validity has not been challenged in that jurisdiction. Mr. Lannelongue maintains that the juvenile court should have considered or applied La. Ch. C. art. 1302.4, as opposed to La. Ch. C. art. 1304.1(A).

The State counters that the juvenile court correctly denied Mr. Lannelongue's declinatory exception of subject matter jurisdiction, and found that it had jurisdiction to issue a child support order pursuant to La. Ch. C. art. 1304.1(A)(1). The State argues that "Louisiana, as a political subdivision of the United States, has an international obligation under the Hague Convention on the International Recovery of Child Support [(hereinafter referred to as "the Convention")] to afford the Mother an opportunity to have her petition for support decided in Louisiana, as the Spanish Order has been declared to be unenforceable in Louisiana." The State also urges that the Convention, to which both the United States and Spain are signatories, also provides specific guidance for the instant situation. The Convention requires that when a judgment for child support issued in a foreign state (the "State of origin") is declared unenforceable by another state (the "requesting" or "requested" State) because the respondent did not have proper notice, the petitioner has the right to apply for maintenance in the requesting State and the requesting State has an obligation to establish a decision on such application.

Co-Appellee, Ms. Esther Navarro-Muñoz, adopts the arguments of Appellee, the State, in full. She avers that Mr. Lannelongue had their marriage annulled in Nevada, believing that the annulment would also revoke Victor's legitimacy. Until this proceeding, she avers he has never contributed his share of the parental support obligations owed to his son. Further, she argues the language of Article

1304.1(A) is clear and unambiguous, and its application to the facts of this case does not lead to absurd consequences. There has been no support order issued by Spain or any other state or foreign country that is entitled to recognition in Louisiana, as Appellant himself successfully argued to the Juvenile Court and the State concedes. Because Louisiana has personal jurisdiction over the Appellant, who resides and is domiciled in Jefferson Parish and the recipient creditor seeking the order — Ms. Navarro-Muñoz — resides outside of Louisiana in Spain, the Juvenile Court had jurisdiction to issue the child support order in this case.

Ms. Navarro-Muñoz contends that Article 1302.4(A), on the other hand, does not apply here and its application would lead to profoundly absurd and perverse consequences. La. Ch. C. art. 1302.4(A) has no application in the circumstances of this case because there were no "simultaneous proceedings" to which the conditions of that article would apply. The Spanish Order cannot be enforced against Appellant in Spain because Appellant is domiciled here and cannot be compelled to go to Spain to comply with his Spanish obligations. In the absence of recognition and enforcement here, the Spanish Order is effectively null and void. Ms. Navarro-Muñoz reasons that the failure to apply La. Ch. C. art. 1304.1 in this case would allow Mr. Lannelongue to escape his support obligations altogether – which would defeat the very purpose of the UIFSA and frustrate the obligations imposed on the State of Louisiana under the Convention.

Both the State and Ms. Navarro-Muñoz urge that the Convention mandates that "the best interests of the child shall be a primary consideration" in "all actions concerning children." Also, parents have "the primary responsibility to secure, within their abilities and financial capacities, the conditions of living necessary for the child's development." Finally, they urge that all Convention signatories must "take all appropriate measures to secure recovery of maintenance for the child from the parents."

## LAW AND DISCUSSION

The objection to the court's jurisdiction of the subject matter of an action may be raised through the declinatory exception. La. C.C.P. art. 925. The exception of lack of subject matter jurisdiction is a question of law and is reviewed *de novo*. *Ryan Gootee Gen. Contractors, LLC v. Plaquemines Par. Sch. Bd. & One Const., Inc.*, 15-325 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 595. Subject matter jurisdiction cannot be waived or conferred by the consent of the parties. *Id. citing Amin v. Bakhaty,* 01–1967 (La. 10/16/01), 798 So.2d 75, 80; La. C.C.P. art. 925(C).

Parents are obligated to support, maintain, and educate their children. Louisiana Civil Code art. 224. "This obligation stems not from marriage but from the paternity or maternity of the parent involved, and the support of the child is one of the strongest obligations the law imposes upon a parent." *Green v. Scott*, 29,197 (La. App. 2 Cir. 1/22/97), 687 So.2d 655, 656. "It is the fact of biological paternity or maternity which obliges parents to nourish their children." *Mata v. Mata*, 97-1214 (La. App. 5 Cir. 4/28/98), 712 So.2d 252, 254, *writ denied,* 98-1416 (La. 6/24/98), 719 So.2d 483. "A parent's duty of support is a legal duty which cannot be renounced or suspended." *Guillory v. Guillory*, 97-354 (La. App. 3 Cir. 10/29/97), 702 So.2d 1079, 1082 *citing Dubroc v. Dubroc,* 388 So.2d 377 (La. 1980). "Public policy dictates that parents should support their children in a manner comparable to their income and that judicial decisions should be made in the best interest of the children." *Roberts v. Roberts*, 95-1626 (La. App. 4 Cir. 6/5/96), 677 So.2d 1042, 1045.

Upon careful review of the record, we find that the juvenile court correctly applied Louisiana Children's Code article 1304.1, as opposed to article 1302.4, in this instance. La. Ch. C. art. 1302.4 authorizes a tribunal of this state to exercise its jurisdiction to establish a support order after proceedings have begun in another

state or foreign country if: 1) the petition is filed in Louisiana during the time period the other jurisdiction provides to file a responsive pleading challenging the exercise of its jurisdiction; 2) the contesting party has timely challenged the exercise of jurisdiction in the other state or foreign country; and 3) Louisiana is the child's home state (if relevant). Conversely, the article prohibits a State tribunal from exercising its authority if a petition or comparable pleading is filed in the other state or foreign country within the time period Louisiana allows for filing a responsive pleading challenging Louisiana's exercise of jurisdiction; 2) the contesting party timely challenges Louisiana's jurisdiction, and 3) the other state or foreign country is the child's home state. The last hearing in the proceeding that led to the Spanish Order occurred on July 17, 2017. Mr. Lannelongue's right to appeal the judgment in that proceeding expired in February 2018. The proceedings to establish a support order in Louisiana began in July 2019.

La. Ch. C. art. 1304.1 provides:

A. If a support order entitled to recognition under this Chapter has not been issued, a responding tribunal of this state with personal jurisdiction over the parties may issue a support order if:

(1) The individual seeking the order resides outside this state; or

(2) The support enforcement agency seeking the order is located outside this state.

B. The tribunal may issue a temporary child support order if the tribunal determines that such an order is appropriate and the individual ordered to pay is:

(1) A presumed father of the child;

(2) Petitioning to have his paternity adjudicated;

(3) Identified as the father of the child through genetic testing;

(4) An alleged father who has declined to submit to genetic testing;

(5) Shown by clear and convincing evidence to be the father of the child;

(6) An acknowledged father as provided by applicable state law;

(7) The mother of the child; or

(8) An individual who has been ordered to pay child support in a previous proceeding and the order has not been reversed or vacated.

C. Upon finding, after notice and opportunity to be heard, that an obligor owes a duty of support, the tribunal shall issue a support order directed to the obligor and may issue other orders pursuant to Article 1303.5.

On October 29, 2019, the hearing officer ruled that the Spanish Order could not be "registered for enforcement" in Louisiana because Mr. Lannelongue never was served with the petition in accordance with "minimum standards of due process and was not given the opportunity to be heard in Spain." In July 2020, Ms. Navarro-Muñoz, a non-resident of Louisiana, applied for a support order in this state. The State, through the District Attorney's office, filed a petition on her son's behalf and requested genetic testing, which later identified Mr. Lannelongue as the father of her son. Because there was no support order entitled to recognition in this State under the Louisiana Children's Code, and Ms. Navarro-Muñoz is not a resident of Louisiana, the juvenile court was authorized to issue a support order pursuant to La. Ch. C. art. 1304.1. Thus, the juvenile court's issuance of a temporary support order at the end of August 2019 was also proper, as Mr. Lannelongue was identified as Victor's father through genetic testing. *See*, La. Ch. C. art. 1304.1(B)(4). The temporary support order issued pending resolution of a jurisdictional conflict did not create continuing, exclusive jurisdiction in the issuing tribunal. La. Ch. C. art. 1302.5(E); Continuing exclusive jurisdiction over child support order—Effect of temporary support order, 1 La. Prac. Divorce § 8:228.

The Convention provides flexibility for a U.S. court having jurisdiction over the noncustodial parent to establish a new order in circumstances where U.S. jurisdictional requirements were not met in the country issuing the initial order that is intended to be enforced. Carmen Solomon-Fears, Alison M. Smith, "R43779: Child Support Enforcement and the Hague Convention on Recovery of International Child Support," *CRS Report for Congress* (Washington, D.C.:

Congressional Research Service, Library of Congress, 2016), at

*https://crsreports.congress.gov/product/pdf/R/R4377* (visited Jan. 6, 2023).

> The Convention addresses jurisdictional barriers that have prohibited the United States from joining other child support conventions. Existing maintenance conventions base jurisdiction to order support on the habitual residence of the creditor (custodial parent or child) rather than on minimum contacts with the debtor (noncustodial parent), as required by U.S. constitutional standards of due process. The Convention provides flexibility for a U.S. court having jurisdiction over the noncustodial parent to establish a new order in circumstances where U.S. jurisdictional requirements were not met in the country issuing the initial order that is intended to be enforced.

*Id.* (Footnotes omitted). Most cases under the Convention would be handled in the United States in accordance with UIFSA, which, pursuant to the 2008 amendments includes procedures for handling interstate cases as well as international cases. *Id.* The Uniform Interstate Family Support Act ("UIFSA"), found in La. Ch. C. arts. 1301.1, *et. seq.*, was enacted to unify the support law among the states. "Subject matter jurisdiction with regard to the issue of child support is governed by Louisiana's version of the UIFSA." *Harvey v. Harvey*, 19-1635 (La. App. 1 Cir. 5/11/20), 303 So.3d 357, 361. "The UIFSA is based on a policy of "one order, one time, one place: there can be only one controlling order," which is carried out by establishing a rule of "continuing exclusive jurisdiction" to determine the controlling state for either issuance, enforcement or modification of a child support award." *Jurado v. Brashear*, 764 So.2d 1066, 1070 (La. App. 1 Cir. 2000), (quoting J. Atkinson & L. Morgan, The Uniform Interstate Family Support Act: 1999 Comprehensive Update, 11 No. 9 Divorce Litig. 173, Section I (1999)); § 8:220: Purpose of Uniform Interstate Family Support Act, 1 La. Prac. Divorce § 8:220.

Considering the purpose of the Convention and UIFSA -- "to eliminate multiple and inconsistent support orders by establishing a principle of having only

one controlling order in effect at any one time"--, we find Mr. Lannelongue's assignment of error is without merit. *Jurado v. Brashear*, 00-1306 (La. 3/19/01), 782 So.2d 575, 578.  To interpret Louisiana statutes as Mr. Lannelongue proposes would deprive his child, Victor, of his right to financial assistance from his father. "Child support is a continuous obligation of both parents, children are entitled to share in the current income of both parents, and children should not be the economic victims of divorce or out-of-wedlock births" or annulments, for that matter. La. R.S. 9:315.

## *DECREE*

Based on the foregoing, the March 10, 2022 judgment of the Jefferson Parish Juvenile Court issuing the permanent child support order against Mr. Lannelongue in favor of Ms. Navarro-Muñoz is affirmed.  Costs of this appeal are cast to Appellant, Phillippe Lannelongue.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 22-CA-220

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE AMANDA L. CALOGERO (DISTRICT JUDGE)

| | | |
|---|---|---|
| AMANDA L. CALOGERO (APPELLEE) | DARREN A. ALLEMAND (APPELLEE) | LEKITA G. ROBERTSON (APPELLEE) |
| THOMAS J. BUTLER (APPELLEE) | TIMOTHY P. O'ROURKE (APPELLEE) | LAUREL A. SALLEY (APPELLANT) |
| MICHAEL J. DUBOSE (APPELLANT) | FREDERIC T. LE CLERCQ (APPELLEE) | JOSEPH L. MCREYNOLDS (APPELLEE) |

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
REESE M. WOESSNER (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053