STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CW 0587

**FC MARKETPLACE, LLC**

**VERSUS**

**SITEWORK CONSTRUCTION, LLC, GARY TIM MERCER, JR. AND GARY T. MERCER**

Judgment Rendered: ___DEC 2 7 2024___

* * * * * * *

On Appeal from the 18th Judicial District Court
In and for the Parish of West Baton Rouge
State of Louisiana
Trial Court Docket Number 1046269, Div. "A"

Honorable Kevin Kimball, Judge Presiding

* * * * * * *

Garth J. Ridge
Baton Rouge, Louisiana

Counsel for Defendants/Appellants,
Sitework Construction, LLC and
Gary T. Mercer

Richard B. Levin
Metairie, Louisiana

Counsel for Plaintiff/Appellee,
FC Marketplace, LLC

* * * * * * *

**BEFORE: GUIDRY, C.J.; PENZATO AND STROMBERG, JJ.**

**PENZATO, J.**

The defendants appealed from the trial court's judgment denying their rule to show cause why a judgment debtor examination should not be stayed. After review, we find the judgment on appeal is interlocutory, and this court lacks subject matter jurisdiction to consider the appeal. We exercise our discretion to convert the appeal to an application for supervisory writ and, after review, deny the writ application.

## FACTS AND PROCEDURAL HISTORY

FC Marketplace, LLC obtained a default judgment against defendants, Sitework Construction, LLC and Gary T. Mercer, on April 16, 2021 in the sum of $166,422.06, together with 18% interest from January 30, 2020, 10% late fees, 25% attorney fees, and all collection costs plus court costs.[1] No appeal was filed from this judgment. In February 2023, FC Marketplace obtained an order setting a judgment debtor examination of Mercer on April 26, 2023.

In response, the defendants filed a "Rule to Show Cause," wherein they sought to rule FC Marketplace into court to show cause why the judgment debtor examination should not be stayed. The defendants argued the April 16, 2021 judgment was not precise, definite, and certain because it awarded "10% late fees" "without specifying how much the late fees are nor how this is calculated." They also asserted the award of "25% attorney fees" was deficient because it failed to "identify the amount to which this percentage applies."[2] For these reasons, the defendants argued the April 16, 2021 judgment was not a valid, final judgment; therefore, enforcement was premature, and the judgment debtor examination should

---

[1] Gary Tim Mercer, Jr. was also named as a defendant, but the judgment at issue only concerns Gary T. Mercer, who is sometimes referred to as Gary Tim Mercer, Sr.

[2] The defendants raised no other issues with the certainty and/or validity of the April 16, 2021 judgment. Therefore, we consider only whether the language awarding "10% late fees" and "25% attorney fees" is sufficiently precise, definite, and certain for purposes of satisfying the requirement that judgments contain sufficient decretal language. See La. C.C.P. art. 1841; *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc).

2

be stayed. FC Marketplace opposed the request for a stay, asserting the April 16, 2021 judgment was a final judgment, which could not be attacked via a rule to show cause.

A contradictory hearing on the defendants' rule to show cause, which the trial court treated as a motion to stay, was held on July 6, 2023. After hearing argument from counsel, the trial court denied the rule to show cause, finding the April 16, 2021 judgment contained the required decretal language, and refused to stay the judgment debtor examination.[3] The trial court noted the order in which the amounts were awarded in the judgment made it clear that the sum of $166,422.06 was awarded plus 10% late "on that" and 25% attorney fees "on that." A written judgment denying the rule to show cause (motion to stay) was signed on July 28, 2023, and notice of the judgment was mailed on August 1, 2023.

The defendants filed a motion and order for devolutive appeal on August 28, 2023, seeking to appeal the judgment signed on July 28, 2023.[4]

## APPELLATE JURISDICTION[5]

The July 28, 2023 judgment denied the defendants' rule to show cause. It did not determine the merits of the case and is an interlocutory judgment, appealable only when expressly provided by law. See La. C.C.P. arts. 1841 and 2083(C); *Matter of Succession of Pierre*, 2023-1322 (La. App. 1st Cir. 5/31/24), 391 So.3d

---

[3] The transcript from the July 6, 2023 contradictory hearing reflects that Mercer was sworn-in for the judgment debtor examination after the trial court denied the rule to show cause. However, the record further indicates the examination was not completed, with the parties agreeing to have Mercer provide documents and written responses to written questions provided by FC Marketplace. Since it appears the examination was not complete, we conclude the issue raised in this matter is not moot. See *Firestone Polymers, L.L.C. v. Louisiana Department of Environmental Quality*, 2019-0308 (La. App. 1st Cir. 5/28/20), 304 So.3d 1056, 1064, *writ denied*, 2020-01152 (La. 11/18/20), 304 So.3d 417.

[4] Although the defendants gave oral notice of their intent to file an application for supervisory writ at the conclusion of the contradictory hearing, no writ was filed with this court.

[5] Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, since appellate jurisdiction extends only to final judgments. See La. C.C.P. arts. 1841, 2081, and 2083(A); *Hill International, Inc. v. JTS Realty Corp.*, 2021-0157 (La. App. 1st Cir. 12/30/21), 342 So.3d 322, 325-26.

686, 689; see also *Allen v. Valero Energy Corp.*, 06-726 (La. App. 5th Cir. 1/9/07), 951 So.2d 370, 371 (concluding the denial of a motion to stay is an interlocutory, non-appealable judgment).

The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writ. See La. C.C.P. art. 2201; *Matter of Succession of Pierre*, 391 So.3d at 689. A party intending to apply to this court for a supervisory writ shall give notice of such intention by requesting a return date to be set by the trial court, which shall not exceed thirty days from the date of the notice of judgment, if the judgment shall be reduced to writing. La. C.C.P. art. 1914(B); Uniform Rules-Courts of Appeal, Rules 4-2 and 4-3; *Sinclair v. Sinclair*, 2023-1210 (La. App. 1st Cir. 7/23/24) 395 So.3d 17, 21; *Matter of Succession of Pierre*, 391 So.3d at 689.

At the conclusion of the contradictory hearing, counsel for FC Marketplace advised the court he would prepare a written judgment. Thereafter, the interlocutory judgment was reduced to writing, and the defendants were required to file a notice of intent within thirty days of the notice of the interlocutory judgment. See La. C.C.P. art. 1914(B); Rules 4-2 and 4-3, Uniform Rules of Louisiana Courts of Appeal. See also *Matter of Succession of Pierre*, 391 So.3d at 689 n.8; *Alost v. Lawler*, 2020-0832 (La. App. 1st Cir. 6/2/21), 326 So.3d 1255, 1261, *writ denied*, 2021-00941 (La. 10/19/21), 326 So.3d 256.

The defendants filed a motion for appeal on August 28, 2023, within thirty days of the August 1, 2023 notice of judgment. Therefore, the appeal would have been timely had it been filed as an application for supervisory writ. This court will exercise its discretion to convert the appeal to an application for supervisory writ and will consider the merits of the issues raised on appeal. See *Matter of Succession of Pierre*, 391 So.3d at 689.

4

## MERITS

The issue presented is whether the trial court erred by refusing to stay the judgment debtor examination after concluding the April 16, 2021 judgment contained appropriate decretal language and was a final and enforceable judgment.

A final judgment determines the merits in whole or in part. La. C.C.P. art. 1841. A valid judgment must be "precise, definite, and certain." *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). At the time the April 16, 2021 judgment was rendered, La. C.C.P. art. 1918 stated, "A final judgment shall be identified as such by appropriate language."[6] The judgment must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. These determinations should be evident from the language of the judgment without reference to other documents in the record. *Advanced Leveling*, 268 So.3d at 1046. The specific nature and amount of damages should be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents. *Advanced Leveling*, 268 So.3d at 1046.

The defendants assert the April 16, 2021 judgment lacked decretal language because it awarded "10% late fees" and "25% attorney fees" but did not provide an explanation as to the amount these percentages were to be calculated upon. Thus, both awards were incapable of being calculated. Conversely, FC Marketplace

---

[6] Louisiana Code of Civil Procedure article 1918 was amended by La. Acts. 2021, No. 259, § 2, effective August 1, 2021, to codify Louisiana jurisprudence providing that a final judgment must contain decretal language identifying the relief that is awarded and the parties in whose favor and against whom the relief is awarded. La. C.C.P. art. 1918, Comments-2021. Article 1918(A), as amended, pertinently states, "A final judgment in accordance with Article 1841 shall be identified as such by appropriate language; shall be signed and dated; and shall, in its decree, identify the name of the party in whose favor the relief is awarded, the name of the party against whom the relief is awarded, and the relief that is awarded...."

5

argues the amounts awarded for late fees and attorney fees were "determinable from simple mathematical calculations." We agree with FC Marketplace.

It is evident from the face of the April 16, 2021 judgment that late fees in the amount of 10% of the principal sum of $166,422.06 were awarded in favor of FC Marketplace and against Sitework and Mercer. Similarly, attorney fees in the amount of 25% of the principal sum of $166,422.06 were awarded in favor of FC Marketplace and against Sitework and Mercer. As to the issues raised, the April 16, 2021 judgment was sufficiently precise, definite, and certain. We find no error in the trial court's denial of the defendants' rule to show cause why the judgment debtor examination of Mercer should not be stayed.

## DECREE

For the foregoing reasons, we deny the writ application. All costs of this proceeding are assessed against defendants, Sitework Construction, LLC and Gary T. Mercer.

**APPEAL CONVERTED TO WRIT; WRIT DENIED.**